# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CLEVELAND GARNER, | ) |
| Petitioner, | ) |
| | ) No. 07 C 1070 |
| v. | ) |
| ANTHONY RAMOS, Warden, | ) HONORABLE DAVID H. COAR |
| Respondent.[1] | ) |

## MEMORANDUM OPINION AND ORDER

Illinois inmate Cleveland Garner has filed a petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254, and the state has responded. For the following reasons, the petition is DENIED.

## I. FACTS

In Garner's direct appeal, *People v. Garner*, No. 1-93-1551 (Ill. App. Ct. Sept. 27, 1994), the Illinois Appellate Court recounted the following facts, which this court presumes are correct, *see* 28 U.S.C. § 2254(e)(1); *Ashford v. Gilmore*, 167 F.3d 1130, 1131 (7th Cir. 1999):

In the early morning hours of June 2, 1992, Garner attacked a woman while she was out on a cigarette run. After dragging her behind a building, he slapped her face and told her that she knew what he wanted and that he would "give it to [her]." The victim offered money from her pocket, but Garner knocked the money away and said he did not want it. He hit and punched her, then unbuckled his belt and took his shirt off. When she attempted to flee, Garner struck her with an open hand and a closed fist. The victim grabbed a bottle from the ground and attempted to hit

---

[1] At the time of his petition, Terry McCann was the warden of Stateville Correctional Center, where Garner is incarcerated. Because Anthony Ramos is now the acting warden, he is the proper respondent. *See Bridges v. Chambers*, 425 F.3d 1048 (7th Cir. 2005).

Garner with it, but he took it from her and used it to strike the back of her head. Garner broke the bottle over the victim's head, hit her with the broken bottle, and then took a piece of broken glass, held it to her neck, and threatened to cut her. He then pulled off her shirt, ripped off her bra, and grabbed at her breasts. When she again attempted to escape, he threw her back on the ground. Garner again beat her, hitting her 50 or 60 times before he stopped. When the victim screamed at a nearby security guard to call the police, Garner told the security guard that the victim was his girlfriend. Garner then asked the victim for her wedding ring, but she refused. He then demanded that she remove one of her legs from her pants so that she could not chase him, picked up his shirt and her money, and fled. The victim sustained a cut on her lip and on the side of her head, cuts to the back of her head, a gash on her forehead, and a laceration to her middle finger. She spent a night in the hospital, where she received 45 stitches on her head and finger.

Garner went to trial on armed robbery and attempted aggravated criminal sexual assault charges in the Circuit Court of Cook County. On December 3, 1992, a jury returned guilty verdicts against him. After finding that Garner's conduct was brutal and heinous, the trial court ordered an extended-term sentence of 60 years' imprisonment for the armed-robbery charge and a consecutive, extended-term sentence of 30 years' imprisonment for the sexual-assault charge.

In his direct appeal, Garner challenged (1) the trial court's finding that the crime was brutal and heinous and (2) the imposition of an extended-term sentence for the sexual assault charge. On September 27, 1994, the Appellate Court of Illinois reduced the sentence on the sexual assault charge to 15 years (the statutory maximum), but otherwise affirmed. *People v. Garner*, No. 1-93-1551 (Ill. App. Ct. Sept. 27, 1994). Garner sought leave to appeal, but the Illinois Supreme Court denied review on February 1, 1995.

Garner first sought collateral review in state court, filing a *pro se* post-conviction petition in the Circuit Court of Cook County on June 16, 1995. There he advanced a number of arguments: (1) the police did not follow their usual procedures during the investigation, in violation of his constitutional rights; (2) the state's witnesses lied; (3) his trial counsel was ineffective for (a) accepting two jurors that Garner wanted to exclude from the jury, and (b) failing to cross-examine sufficiently witnesses against him; (4) the prosecutor committed misconduct by calling Garner an "animal" during closing argument, and the jury was not properly instructed to disregard the comment; (5) his constitutional rights were violated when a witness, Pamela Fish, testified erroneously that Garner's blood had been discovered on some exhibits, as Garner contends that he did not bleed that night; (6) he was denied his constitutional right to testify; (7) he was denied a fair trial because the court failed to instruct the jury to disregard testimony about naked pictures on the walls in Garner's room; and (8) he was denied a fair trial because of inconsistencies in the police reports. Garner subsequently retained an attorney, who filed no amendments to the *pro se* petition. The trial court denied the petition on April 6, 1999.

On appeal of his state post-conviction petition, Garner's appointed counsel sought remand on the ground that the retained attorney had not complied with Illinois Supreme Court Rule 651(c), which requires that an attorney show that he consulted with the petitioner, reviewed the record, and made any amendments that were necessary for an adequate presentation of the petitioner's arguments. *See* 134 Ill.2d R. 651(c). The state appellate court agreed that Garner's attorney had not complied with the rule, and on that ground summarily reversed the trial court's decision on March 21, 2001.

On remand, Garner's appointed counsel supplemented his post-conviction petition with an argument that his sentence violated the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). When his petition again was dismissed on March 23, 2004, Garner appealed. This time his appointed counsel argued to the appellate court only that Garner did not receive appropriate credit for jailtime served prior to sentencing. On August 28, 2006, the appellate court agreed with Garner's sole argument on appeal, crediting time served to his sentence but otherwise affirming the trial court's decision.

In Garner's timely *pro se* petition for leave to appeal to the Illinois Supreme Court, he advanced new arguments and reasserted some of the grounds from his initial *pro se* petition. He argued that (1) he should have been allowed to plead guilty to the lesser offense of aggravated battery; (2) he was denied a fair trial because the jury saw him with bruises on his face; (3) the police arrest report was inconsistent with the officers' trial testimony; (4) a police-officer witness had given false testimony; (5) the trial court abused its authority in giving him consecutive sentences; (6) the trial judge's finding that the crime was brutal and heinous is not supported by the record; (7) he was denied a fair trial when the trial court removed the public defender initially assigned to his case; (8) the state's initial over-charging (including a charge of attempted first-degree murder) prejudiced the trial court; and (9) trial counsel was ineffective for (a) not calling a security guard who witnessed the events to testify on his behalf, (b) failing to tell Garner that the state would request a sentence of 90 years' imprisonment, (c) not allowing Garner to testify, and (d) not properly cross-examining the victim, who, according to Garner, had lied to the jury. The Illinois Supreme Court denied review on January 24, 2007. *People v. Garner*, 862 N.E.2d 236 (Ill. 2007).

Garner then turned to federal court, filing this petition on February 23, 2007. He identifies four grounds for relief: (1) the evidence was insufficient to convict him of armed robbery; (2) the evidence was insufficient to convict him of attempted aggravated criminal sexual assault; (3) he received ineffective assistance from his trial attorney, who failed to (a) cross-examine a witness, (b) object to improper and unreliable statements, (c) call a key witness to testify on his behalf, and (d) object when the state was allowed to lead witnesses; and (4) he received ineffective assistance from his appellate attorney, who failed to argue any of the preceding grounds on appeal. The state responds that Garner has procedurally defaulted each of these claims by failing to fully and fairly present them through one complete round of review in state court.

## II. LEGAL STANDARD

"A district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the court may issue a writ of habeas corpus only if the state court's determination of the petitioner's claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)&(2); *Woods v. McBride*, 430 F.3d 813, 816 (7th Cir. 2005).

"A federal district court may not grant a writ of habeas corpus unless the petitioner has exhausted his state court remedies." *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001); *see* 28 U.S.C. § 2254(b)(1)(A). To exhaust those remedies, the petitioner must fully and

fairly present each federal claim—i.e., its operative facts and controlling legal principles—to the state courts. *Chambers*, 264 F.3d at 737-38 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999)). And the petitioner must assert each claim "through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008) (quotation and citation omitted). A failure to comply with the exhaustion requirement will operate as a procedural default, which bars federal habeas corpus relief, as relevant here, "unless the petitioner can demonstrate both cause for and prejudice stemming from the default." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004); *see Chambers*, 264 F.3d at 737.

### III. ANALYSIS

The state argues that each of Garner's claims is subject to procedural default because he did not present them in a full round of review in state court. Although the court gave Garner the opportunity to respond to that contention in a reply brief, Garner did not do so.

The court concludes that Garner has not presented any of his claims in a full round of review before the Illinois courts. First, Garner never directly challenged in state court the sufficiency of the evidence for either his armed robbery or attempted aggravated sexual assault convictions. He did not raise either challenge in his state post-conviction petition, and none of his arguments to the state appellate court resembled or even hinted at such claims. Although Garner arguably raised something akin to a sufficiency challenge in his petition to the state supreme court, presentation to that forum alone is not enough to constitute full and fair presentment. *Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995); s*ee also Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Wilson v. Briley*, 243 F.3d 325, 328 (7th Cir. 2001). Second, although Garner raised

various arguments related to his trial counsel's performance in his post-conviction petition and in his petition for leave to appeal to the state supreme court, he did not raise those issues before the Illinois appellate court. Finally, Garner did not challenge his appellate attorney's performance in any court.

Because the state courts did not have a fair opportunity to pass upon these issues, this court could consider them only if Garner demonstrated cause for and prejudice from the operation of a procedural default. He cannot do so, though, because his challenges are meritless:

First, Garner's challenge to his armed-robbery conviction—that the state failed to prove that he was armed with a dangerous weapon when he approached the victim, nor that he demanded money or property from the victim—is frivolous. As relevant here, a person commits armed robbery if he (1) takes property from the person or presence of another (2) by the use of force or by threatening the imminent use of force, and (3) carries on or about his person, or is otherwise armed with, a dangerous weapon. 720 ILCS 5/18-2(a)(1). The statute includes no requirement that the perpetrator himself introduce the weapon into the encounter; it demands only that he be "armed with" the dangerous weapon, and wielding a broken bottle clearly suffices. Meanwhile, Garner's contention that the victim "offered" the money so that he would not assault her reinforces, rather than undermines, the jury's finding that he took her property "by the use of force or by threatening the imminent use of force." Viewing the evidence in the light most favorable to the state, a rational trier of fact easily could have found that the state proved all of the elements of armed robbery beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 324 (1979); *Curtis v. Montgomery,* 552 F.3d 578, 581 (7th Cir. 2009).

Second, Garner's challenge to his attempted aggravated criminal sexual assault conviction also is meritless. Garner argues that, because he told the victim to remove one leg of her pants at the end of their encounter so that she would not follow him, and because he did not display his penis nor attempt sexual penetration, he should not have been convicted. As relevant here, a person commits an attempted aggravated criminal sexual assault if, with intent to commit an act of sexual penetration by the use of force or threat of force, he does any act which constitutes a substantial step toward the commission of that offense, and causes bodily harm to the victim. *See* 720 ILCS 5/8-4(a) [attempt], *id.* § 5/12-13 [criminal sexual assault]; *id.* § 5/12-14 [aggravated criminal sexual assault]. Thus, the statutes require only that the state prove that Garner *intended* to commit an act of sexual penetration by the use of force or threat of force, along with any act that is a substantial step toward the commission of that offense; the statute does not require that he display his penis or attempt sexual penetration. Accordingly, a rational trier of fact easily could have found beyond a reasonable doubt that Garner's actions—pinning the victim down, ripping off her clothes, beating her, and telling her that he would "give it" to her—showed his intent, and constituted substantial steps toward the commission of aggravated sexual assault.

Third, Garner's challenge to the adequacy of his trial attorney's representation is not compelling. He argues that he received ineffective assistance of trial counsel because his attorney did not adequately press witnesses during cross-examination; failed to object to inadmissible statements, leading of witnesses, and the use of prior consistent statements; and failed to call a security guard who, he says, had witnessed the events. But while these may very well have been failures on his trial counsel's part, Garner has not even suggested that the outcome of his trial would have been different but for these purported deficiencies.

Finally, Garner's appellate attorney's performance could not have been deficient for failing to raise these meritless arguments, and Garner defaulted any such argument by failing to present it in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

### IV. CONCLUSION

For the foregoing reasons, Garner's petition for a writ of habeas corpus is DENIED. This case is closed.

Enter:

/s/ David H. Coar

_____

David H. Coar

United States District Judge

**Dated: August 26, 2009**